O'CONNOR *v.* MARCH AUTOMATIC IRRIGATION CO.

1. CONTRACTS—CONSTRUCTION—AMBIGUITY—QUESTION FOR JURY.

In an action by a sales agent on a written contract for commissions on sales, where plaintiff's right to commissions and to a monthly bonus was contingent upon ''net sales,'' which term was not defined in the contract, the conflicting claims of the parties as to its meaning presented a question of fact for the jury.

2. SAME.

Whether plaintiff's commissions on sales were earned as soon as orders taken by him were accepted by defendant, or not until payment was received from the purchaser, *held*, a question of fact rather than of law under the indefinite terms of the contract, and the construction placed thereon by the parties by their acts and correspondence.

3. TRIAL—DIRECTED VERDICT PROPERLY REFUSED WHERE QUESTION OF FACT PRESENTED.

Although both parties asked for a directed verdict, where a question of fact was presented, the trial court properly submitted it to the jury.

Error to Muskegon; Vanderwerp (John), J. Submitted January 18, 1928. (Docket No. 138, Calendar No. 33,518.) Decided April 3, 1928. Submitted on rehearing October 24, 1928. Decided February 1, 1929.

Assumpsit by Herman O'Connor against the March Automatic Irrigation Company for commissions under a sales contract. Judgment for plaintiff. Defendant brings error. Reversed.

*Alexis J. Rogoski* and *Lou L. Landman,* for appellant.

*Clare J. Hall,* for appellee.

ON REHEARING.

NORTH, C. J. On plaintiff's motion there has been a rehearing of this case. The facts are stated in *O'Connor* v. *Automatic Irrigation Co.,* 242 Mich. 204. Plaintiff's claim was for compensation for services rendered as a salesman for the defendant under two separate contracts. The first was oral, and he worked under it in the State of Texas for substan-

tially three months.  The second contract was in writing, and under it plaintiff worked in Ohio about eleven months.  We held this Ohio contract was ambiguous, and that as to its terms of payment of compensation to the plaintiff it presented a question of fact for the jury.  In so holding we reversed the decision of the lower court wherein this was held to be a question of law, and a verdict was directed for plaintiff.  On this rehearing the plaintiff strenuously insisted that in holding the contract ambiguous we failed to apply proper rules of construction and reached an erroneous conclusion; and in any event, since both parties asked for a directed verdict in the trial court, the case should be disposed of on questions of law in this court instead of being remanded for a retrial.

Plaintiff's right to commission and to a monthly bonus was contingent upon "net sales" being made up to certain amounts fixed by the contract.  But, other than quoted in the original opinion, there is nothing in the contract defining what is meant by "net sales."  The plaintiff asserts that it includes the sales of himself and the two subagents.  The defendant says "net sales" means plaintiff's personal sales.  These conflicting claims cannot be determined from the face of the contract.  This presented a question of fact which should have been determined by the jury.  We so held in our former decision, and we find no reason for altering it.

The trial court also sustained plaintiff's claim that his commission for sales was earned as soon as orders taken by him were accepted by the defendant.  The defendant claimed the commission was not due until payment was received from the purchaser to whom plaintiff sold.  In making this contract the parties used one of defendant's printed form con-

tracts consisting of 17 paragraphs or clauses. Clauses 2, 3, and 13 were stricken out of this form. The following was added:

"Clause No. 18—Remuneration.

Expenses paid not charged up $50 per wk.

Salary—$120 per month.

Commission—4% of net sales providing volume exceeds $1,500 per month.

Bonus—per schedule below."

Clause No. 3, which was stricken, reads:

"No. 3. You are to take orders on blanks furnished by us, receiving as down payment the amount specified according to terms in effect at the time of sale. You will retain 50 per cent. of the amount so collected as advanced on your commission, the balance to be paid when customer has remitted for the sale in full. Commissions to be paid twice monthly, 10th and 25th."

As to the construction of this contract, plaintiff's contention is that since the provision in clause No. 3: "The balance (of commission) to be paid when customer has remitted for the sale in full," was stricken from the contract, it was not possible to construe clause No. 18 as providing that plaintiff's commissions were not due him until the customer paid, notwithstanding the parties themselves so construed it. This contention in plaintiff's brief is based upon the legal proposition that:

"An apparently analogous rule is that words inserted in a written contract and then erased by drawing lines through them may be referred to for the purpose of ascertaining the intent of the contracting parties." 6 R. C. L. p. 839.

There is no controversy about this principle of law when applied to a proper state of facts; but its inap-

plicability here is self-evident. Defendant's printed contract provided for paying the agent on a commission basis only; one-half of the down payment to be retained by the agent as an advancement on commission, and the balance of the commission to be paid when the customer had paid in full. But plaintiff's contract was on the basis of a salary of $120 per month with expenses paid up to $50 per week, and with contingent commission and bonus. It needs no argument to demonstrate that the printed clause No. 3 was not at all suited to the terms of plaintiff's contract, and hence this clause was stricken. It does not follow that there is a conclusive presumption this clause was stricken solely for the purpose of eliminating the provision relative to the time of paying the agent's commission. The fallacy of plaintiff's claim in this regard appears from the fact that this same clause was also stricken from the contracts of subagents and no other definite provision made therein as to when commissions were payable; but plaintiff seems to concede in his brief that the correspondence quoted in our former decision shows commissions were not due to the subagents until the customer paid. Plaintiff has sought to maintain in his present brief that the correspondence quoted applied to contracts of the subagents only. This cannot be so, because in admitting commissions were not due until the customer paid, the plaintiff stated in his letter: "Otherwise I would have asked you for back commissions *due me.*" There are other portions of the record which indicate clearly that these parties understood and interpreted the contract to mean that the defendant would not pay commissions until it received pay from the customer. The plaintiff acquiesced in defendant's deferring payment of commissions for months which

would have been due to the plaintiff except for their mutual construction of this contract that plaintiff was not entitled to his commission on a sale until the customer paid. The reason for insisting upon this plan is thus stated in defendant's letter to the plaintiff:

"That is, we do not let a salesman turn in a whole volume of orders and collect up to the hilt on such orders, and leave us holding the bag as far as collections are concerned."

Because of the indefinite terms of the contract itself, and the construction which the parties have placed upon it by their acts and by their correspondence, it becomes a question of fact, rather than one of law, whether the plaintiff was entitled to commission when orders were accepted by the defendant or not until payment was made by the purchaser.

The plaintiff is urging on this rehearing that since both parties moved for a directed verdict as to the Ohio contract and no reversible error was found incident to the Texas phase of the case, this court should dispose of the case as one presenting issues of law only. Notwithstanding both parties asked for a directed verdict at the close of the proofs, their motions were denied, and the trial court properly held that as to the portion of plaintiff's claim arising out of the Texas contract a question of fact was presented, and this was submitted to the jury. We stated in the former opinion that in the trial of this issue there was error in refusing one of defendant's requests to charge, but we did not pass upon the question as to such error being sufficiently prejudicial to necessitate a new trial. Both in the original opinion and herein we have pointed out that the construction of the Ohio contract involves the trial of issues of fact which should have been submitted to

the jury. For these reasons a retrial has been ordered. Plaintiff relies upon *People's Savings Bank* v. *Railway Co.*, 235 Mich. 399, but it is not in point under such a record as is here presented.

As heretofore ordered, the case must be remanded for retrial. The appellant will have costs on this rehearing.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.